UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET HOUSE,<br><br>                    Plaintiff,<br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05354-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On June 7, 2011, plaintiff filed an application for SSI benefits, alleging disability as of November 19, 2010. See ECF #7, Administrative Record ("AR") 19. That application was denied upon initial administrative review on September 9, 2011, and on reconsideration on

ORDER - 1

November 15, 2011. See id. A hearing was held before an administrative law judge ("ALJ") on December 17, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 43-82.

In a decision dated January 31, 2013, the ALJ determined plaintiff to be not disabled. See AR 19-37. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 26, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 416.1481. On April 30, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1. The administrative record was filed with the Court on July 7, 2014. See ECF #7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in failing to find her mental impairments did not meet or medically equal the criteria of any impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"); and (2) in failing to give proper weight to the medical evidence in the record in finding none of her physical impairments met or medically equaled the criteria or any Listings impairment. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged in determining plaintiff to be not disabled, and therefore finds defendant's decision to deny benefits should be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the

ORDER - 2

"substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

Defendant employs a five-step "sequential evaluation process" to determine whether a

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step of that process, the disability determination is made at that step, and the sequential evaluation process ends. See id. At step three of the disability evaluation process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments set forth in the Listings. See 20 C.F.R § 416.920(d); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). If any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled. Id.

The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. See Tacket, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." Id. at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." Id.; see also Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2 (determination that is conducted at step three must be made on basis of medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2.

An impairment, or combination of impairments, equals a listed impairment "only if the medical findings (defined as a set of symptoms, signs, and laboratory findings) are at least equivalent in severity to the set of medical findings for the listed impairment." Id.; see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed

ORDER - 4

impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.") (emphasis in original).  However, "symptoms alone" will not justify a finding of equivalence. Id.  The ALJ also "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).

The ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not meet or exceed Listings).  This is particularly true where, as noted above, the claimant has failed to set forth any reasons as to why the Listing criteria have been met or equaled. Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (finding ALJ's failure to discuss combined effect of claimant's impairments was not error, noting claimant offered no theory as to how, or point to any evidence to show, his impairments combined to equal a listed impairment).

The ALJ in this case found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairment set forth in the Listings. See AR 22. Specifically, the ALJ found in relevant part:

> The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06 [and] 12.07 . . . In making this finding, I have considered whether the "paragraph B" criteria are satisfied.[2] To satisfy the "paragraph B" criteria,

---

[2] With respect to each mental disorder contained in the Listings, 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00A states in relevant part:

> Each listing, except 12.05 and 12.09, consists of a statement describing the disorder(s) addressed by the listing, paragraph A criteria (a set of medical findings), and paragraph B criteria (a set of impairment-related functional limitations). There are additional functional criteria (paragraph C criteria) in 12.02, 12.03, 12.04, and 12.06 . . . We will assess the paragraph B criteria before we apply the paragraph C criteria. We will assess the paragraph C criteria only if we find that the paragraph B criteria are not satisfied. We will find that you

ORDER - 5

the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme. Repeated episodes of decompensation, each of extended duration, means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.

In activities of daily living, the claimant has moderate restriction. Two state agency reviewing psychological consultants, Leslie Postovoit, Ph.D., and Thomas Clifford, Ph.D., who reviewed the medical evidence of the record on September 9, 2011, and November 11, 2011, opined that the claimant had only moderate limitations in this area of functioning (Exhibits 2A/7 and 4A/8). I find their opinions to be supported by the record. For example, the claimant reported that she is able to perform household chores such as doing laundry and cooking (Exhibit 8F/3). Although she alleged rarely bathing, examining clinicians observed the claimant was generally clean and neat appearing, with appropriate dress and grooming (Exhibits 8F/4 and 16F/6). She shops for groceries in stores once a month but alleges doing so early in the mornings to avoid crowds (Exhibit 8F/3). She drives herself to medical appointments (Exhibit 8F/1).

In social functioning, the claimant has moderate difficulties. The State agency consultants, Dr. Postovoit and Dr. Clifford, also opined similar restrictions in this area of functioning (Exhibits 2A/7 and 4A/8). These opinions are also supported by the record. As noted above, the claimant is able to shop for groceries in stores, albeit in the early mornings due to alleged difficulty being around crowds (Exhibit 8F/3). The record also shows that the claimant has a fairly active social life that includes trading books with friends and spending time with her family (Exhibit 8F/3). During the course of multiple mental evaluations, the claimant generally appeared polite, cooperative, and exhibited good eye contact (Exhibits 18F/14, 16F/6, and 8F/4).

With regard to concentration, persistence or pace, the claimant has moderate difficulties. Consistent with evidence, Dr. Postovoit and Dr. Clifford also opined that the claimant had moderate difficulties in this area of functioning (Exhibits 2A/7 and 4A/8). The claimant reported enjoying reading and trading books with her friends (Exhibit 8F/3). In fact, she reported reading the book *Eregon* in one day (Exhibit 8F/3). She watches television and uses her

---

have a listed impairment if the diagnostic description in the introductory paragraph and the criteria of both paragraphs A and B (or A and C, when appropriate) of the listed impairment are satisfied.

While the ALJ also found none of plaintiff's mental impairments satisfied the "paragraph C" criteria (see AR 23-24), as discussed in further detail below plaintiff only challenges the ALJ's findings concerning the "paragraph B" criteria.

ORDER - 6

>computer to browse internet websites, including Facebook (Exhibit 8F/3). She reported enjoying computer games such as *Treasure Island*, *Scrabble*, and *CSI* (Exhibit 8F/3). Consistent with such reports, mental status evaluations . . . generally showed the claimant to have good memory and adequate attention span and concentration (*See* exhibits 16F/6 and 18F/16-17).
>
>As for episodes of decompensation, the claimant has experienced no extended episodes of decompensation. Such a finding is consistent with the assessments of State agency reviewing consultants Dr. Postovoit and Dr. Clifford (Exhibits 2A/7 and 4A/8).
>
>Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied.
>
>. . .
>
>With respect to the claimant's anxiety disorder, the impairment is considered under listing 12.06. To meet the listing, the impairment must meet the requirements in both paragraphs A and B . . . In the case at hand, there is no evidence demonstrating that the claimant's condition causes marked restrictions . . .
>
>As to the claimant's pain disorder, listing 12.07 requires a medically documented history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently; persistent nonorganic disturbance of vision, speech, hearing, use of a limb, movement, or sensation; or unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that one has a serious disease or injury. In addition, the listings require that the impairment results in at least two of the following: marked restrictions in activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence, or pace, or repeated episodes of decompensation, each of extended duration. As the discussion of the "paragraph B" criteria above demonstrates, the claimant's pain disorder does not rise to listing level severity.

AR 22-24.

Plaintiff argues the ALJ erred in finding none of her mental impairments met or medically equaled the "paragraph B" criteria of Listings 12.04, 12.06 and 12.07, because, she asserts, the medical evidence shows she has marked difficulties in activities of daily living, in

ORDER - 7

maintaining social functioning and in maintaining concentration, persistence or pace. But the vast majority of the evidence plaintiff relies on to so argue consists of either her own self-reports to medical sources or the testimony she gave at the hearing. See ECF #10, pp. 5-8 (citing AR 67-68, 305, 309-10, 729-33, 824, 855, 887, 898). As noted above, however, symptoms alone are not sufficient to establish Listing-level severity. Further, as defendant points out, plaintiff has not challenged the ALJ's determination that she is not fully credible concerning her subjective complaints. See AR 25-30. To the extent plaintiff's self-reports and testimony indicates Listing-level severity, therefore, the ALJ was not required to adopt them.

Plaintiff also has not shown the evidence she cites – including that which does consist of objective clinical findings – necessarily rises to the level of marked limitation required to satisfy the "paragraph B" criteria of Listings 12.04, 12.06 and 12.07. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(1) ("[W]e may . . . find that you have a marked limitation in your daily activities if you have serious difficulty performing them without direct supervision, or in a suitable manner, or on a consistent, useful, routine basis, or without undue interruptions or distractions."), § 12.00(C)(2) (marked limitation may be shown by evidence of being "highly antagonistic, uncooperative, or hostile"), § 12.00(C)(3) ("[W]e may . . . find that you have a marked limitation in concentration, persistence, or pace if you cannot complete [simple] tasks without extra supervision or assistance, or in accordance with quality and accuracy standards, or at a consistent pace without an unreasonable number and length of rest periods, or without undue interruptions or distractions.").

Plaintiff goes on to argue that the ALJ should not have given more weight to the two non-examining psychologists than to "the treating and examining doctors who opine about the marked restrictions [she] suffers in her activities of daily living." ECF #10, p. 5. But plaintiff

ORDER - 8

offers no specific argument as to why any of the reasons the ALJ gave for discounting the more restrictive assessments of the other treating and examining medical sources in the record were improper, let alone mention the individual medical sources who made them. See Carmickle v. Commissioner of Social Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed); Paladin Associates., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing to make argument in opening brief, objection to grant of summary judgment was waived); Kim v. Kang, 154 F.3d 996, 1000 (9th Cir.1998) (matters not specifically and distinctly argued in opening brief ordinarily will not be considered). Nor does the Court find any error in regard to the ALJ's reasons.

Plaintiff also argues the ALJ "improperly evaluated the medical evidence in determining that [she] did not meet or medically equal any of the listings for her physical impairments." ECF #10, p. 7. With respect to those Listings, the ALJ found in relevant part:

> I evaluated the claimant's back impairments under listing 1.04. In this case, the medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis, as required to meet the listing. In particular, the evidence does not demonstrate nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test, as required to meet listing 1.04A. The evidence also does not demonstrate spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours, as required to meet listing 1.04B. Moreover, there is no evidence that the claimant's back disorder has resulted in lumbar spinal stenosis resulting [sic] an inability to ambulate effectively, as defined in 1.00B2b, a requirement to meet listing 1.04C.

AR 22. Again, however, plaintiff offers no specific argument as to why the ALJ's evaluation of the medical evidence in the record concerning her physical impairments is not supported or contains legal error. See Carmickle, 533 F.3d at 1161 n.2; Paladin, 328 F.3d at 1164; Kim, 154

ORDER - 9

F.3d at 1000. Nor does there appear to be any error on the part of the ALJ based on a review of the record. Accordingly, plaintiff's argument lacks merit here as well.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 15th day of December, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10